1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EMPLOYEE PAINTERS' TRUST, et al.,

                Plaintiffs,

v.

PEPCO FLOORING, INC., et al.,

                Defendants.

2:12-CV-1050 JCM (GWF)

**ORDER**

       Presently before the court is plaintiffs Employee Painters' Trust, et al.'s motion for leave to file first amended complaint. (Doc. # 21). No opposition has been filed. (*See* doc. # 23).

       Also before the court is plaintiffs' motion for default judgment. (Doc. # 20). While this motion is ripe when filed, defendants Pepco Flooring, Inc. et al. filed two notices of intent to file an opposition. (*See* docs. # 22, 24).[1] To date, no opposition has been filed. (*See docket generally*; *see*

_____

[1] In defendants Pepco Flooring, Inc. et al.'s most recent notice of intent to file an opposition (*see* doc. # 24), defendants state that they have contacted the clerk's office requesting a hearing and no hearing has been set. This seems to be defendants' reason for failure to having yet filed an opposition.

       Unfamiliarity with federal practice is not an excuse for failure to follow court rules. The local rules that govern practice in this district clearly state: "All motions may, in the Court's discretion, be considered and decided with or without a hearing." LR 78-2.

       The court, in exercising its discretion, does not find a motion for default judgment to warrant a hearing. If defendants find that filing an opposition to plaintiffs' request for default judgment to be in their best interest–then they should *actually file an opposition*. Two notices, a month apart, advising the court and plaintiffs of their intent to file an opposition is insufficient to actually respond to defendants' request for default judgment. Further, a motion for default judgment is ripe for decision on the date filed; the court has afforded defendants almost two months to oppose plaintiffs'

**James C. Mahan**
**U.S. District Judge**

1   doc. # 23).

2   **I.     Motion to amend complaint (doc. # 21)**

3          This is an action to collect unpaid employee benefits and wages under a collective bargaining

4   agreement pursuant to the Employee Retirement Income Security Act ("ERISA"). Plaintiffs' motion

5   to amend seeks to add parties whom plaintiffs discovered through a recent audit and believe to be

6   liable for labor indebtedness under NRS § 608.150.

7          Pursuant to local rule 7-2(d), an opposing party's failure to file a timely response to any

8   motion constitutes the party's consent to the granting of the motion. LR 7-2. In light of defendants'

9   failure to respond, the court finds granting the motion appropriate. However, in good faith, the court

10  also turns to the merits of the motion.

11         Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

12  when justice so requires." FED. R. CIV. P. 15. The Supreme Court has interpreted Rule 15(a) and

13  confirmed the liberal standard district courts must apply when granting such leave. In *Foman v.*

14  *Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason

15  – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

16  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

17  allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules

18  require, be 'freely given.'" *Id.* at 182. In addition to the Rule 15(a) requirements, the local rules of

19  federal practice in the District of Nevada require that a plaintiff submit a proposed, amended

20  complaint along with a motion to amend. LR 15-1(a).

21         None of the illustrative examples given by the Supreme Court in *Foman* as grounds to deny

22  leave are apparent. Plaintiffs have also complied with local rule 15-1(a) and attached the first

23  amended complaint to their motion. (Doc. # 21, ex. 3). Further, defendants do not oppose plaintiffs'

24  request to amend. (*See* doc. # 23). Thus, plaintiffs' request to amend their complaint to add parties

25  to their claims for labor indebtedness under NRS § 608.150 is GRANTED.

26  . . .

27  _____

28  request for default judgment. Defendants have failed to do so.

**James C. Mahan**
**U.S. District Judge**

1

## II.      Motion for default judgment (doc. # 20)

2          In addition to seeking to amend their complaint, plaintiffs also seek default judgment against

3    four defendants who failed to plead or otherwise defend against plaintiffs' original complaint.

4          ### A.      Default judgment

5          Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment

6    for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

7    affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Upon entry of

8    clerk's default, a party may apply to the court for a default judgment. *See* FED. R. CIV. P. 55(b)(2).

9          On June 28, 2012, Pepco Flooring, Inc. ("Pepco") was served with a summons and the

10   original complaint. (Doc. # 6). On June 29, 2012, Regency Interiors, LLC ("Regency") was served

11   with a summons and the original complaint (*Id.*) On October 8, 2012, H. Petrazzulo appeared by way

12   of stipulation. (Doc. # 13). On December 11, 2012, C. Petrazzulo was served with a copy of a

13   summons and the original complaint. (Doc. # 16).

14         On January 28, 2013, the clerk entered default against defendants Pepco, Regency, H.

15   Petrazzulo, and C. Petrazzulo (doc. # 19) for their failure to plead or otherwise defend the instant

16   lawsuit. (Doc. # 20). Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiffs now asks this

17   court to enter default against these defendants.

18         The choice whether to enter a default judgment lies within the discretion of the trial court.

19   *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a

20   default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782

21   F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2)

22   the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5)

23   the possibility of a dispute concerning material facts, (6) whether default was due to excusable

24   neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the

25   factual allegations of the complaint, except those relating to the amount of damages, will be taken

26   as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* FED.R.CIV.P. 8(d).

27

28

**James C. Mahan**
**U.S. District Judge**

1   The first *Eitel* factor weighs in favor of granting plaintiffs' motion. Plaintiffs provide

2   employment benefits to employees in the construction industry. Defendants have failed to remit

3   contributions to plaintiffs leaving plaintiffs with unfunded liabilities for associated employee

4   benefits. Plaintiffs and the covered employees will be prejudiced if default judgment is not entered

5   because defendants have not answered or otherwise responded to the complaint. If plaintiffs' motion

6   for default judgment is not granted, plaintiffs "will likely be without other recourse for recovery."

7   *PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D. Cal. 2002).

8   The second and third *Eitel* factors favor a default judgment where the claims are meritorious

9   and the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F.Supp.2d at

10  1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)). Plaintiffs' complaint states

11  plausible claims for relief against these defendants. Since the clerk's default was properly entered,

12  the facts alleged in the original complaint are accepted as true. These facts include the following: that

13  Regency was operated as an alter ego of Pepco such that  they are a single employer in fact and

14  equally bound by the collective bargaining agreement; that defendants have failed to report their

15  employees' covered labor or pay the contributions as required; and that the Petrazzulos are officers

16  of the defendant entities and made decisions regarding payroll, labor, and whether to pay the

17  contributions. (Doc. # 1).

18  Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to

19  the seriousness of defendant's conduct. *See Cal. Security Cans*, 238 F.Supp.2d at 1176. The sum of

20  money at stake is $200,836.42–this reflects the amount owed to plaintiffs for unpaid employee

21  benefits contributions, pre-judgment interest, liquidated damages, underpaid wages, audit fees, and

22  attorneys' fees and costs as required by ERISA. Considering the amount of money sought, this factor

23  weighs neither in favor nor against granting default judgment.

24  The fifth *Eitel* factor favors default judgment. Given the sufficiency of the complaint,

25  evidence of defendants' indebtedness, and defendants' default, "no genuine dispute of material facts

26  would preclude granting [plaintiffs'] motion." *Cal. Security Cans,* 238 F.Supp.2d at 1177; *see*

27  *Geddes,* 559 F.2d at 560.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Applying the sixth factor, the court cannot conclude that defendants' default is due to

2  excusable neglect. Defendants were properly served with summons and the original complaint. (*See*

3  docs. # 6, 13, 16). Defendants also stipulated to a payroll compliance audit and had assistance of

4  counsel.[2] Further, plaintiffs gave defendants notice of their intent to seek default and provided

5  defendants ample time to defend or otherwise respond in this action. (*See* doc. # 17). Defendants'

6  failure to respond or litigate this case cannot be attributable to excusable neglect. *See TCI Grp. Life*

7  *Ins. Plan v. Knoebber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001), *overruled on other grounds Egelhoff*

8  *v. Egelhoff*, 532 U.S. 141 (2001) ("we have tended to consider the defaulting party's general

9  familiarity with legal processes or consultation with lawyers at the time of the default as pertinent

10  to the determination whether the party's conduct in failing to respond to legal process was deliberate,

11  willful or in bad faith.").

12    The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their

13  merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b)

14  "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F.Supp.

15  at 1177 (citation omitted). Moreover, defendants' failure to answer or otherwise respond to the

16  complaint "makes a decision on the merits impractical, if not impossible." *Id.*

17    Having reviewed plaintiffs' motion and the evidence submitted with the instant motion, and

18  having considered the *Eitel* factors as a whole, the court concludes that the entry of default judgment

19  is appropriate against defendants Pepco, Regency, and H. Petrazzulo, and C. Petrazzulo.

20    To be clear, the proposed amended complaint seeks the *same relief* from the defendants

21  against whom the court is now entering default judgment. The only changes in the proposed

22  amended complaint are: (1) adding parties to a preexisting cause of action under NRS § 608.150

23  whose liability came to light during a recent payroll audit; and (2) updating factual allegations based

24  on information discovered during the course of this litigation. Because the liability against these four

25

26    [2] Pepco Flooring, Inc.; Regency Interiors, LLC; and Henry Petrazzulo were represented by counsel in both the

27  stipulation for a 90-day stay to permit the payroll audit (doc. # 13), and in the most recent "notice of intent to file an opposition" (doc. # 22). However, Cristela Petrazzulo has not made an appearance in this action–pro se or otherwise.

28

**James C. Mahan**
**U.S. District Judge**

1    defendants is not affected by permitting amendment, the court finds that entry of default judgment

2    against these four defendants appropriate.[3]

3    **III.    Conclusion**

4        Accordingly,

5        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Employee

6    Painters' Trust, et al.'s motion for leave to file first amended complaint (doc. # 21) be, and the same

7    hereby is, GRANTED.

8        IT IS THEREFORE ORDERED that plaintiffs shall file the first amended complaint (*see*

9    doc. # 21, ex. 3) **within 10 days** of entry of this court's order.

10       IT IS FURTHER ORDERED that plaintiffs' motion for default judgment (doc. # 20) be, and

11   the same hereby is, GRANTED.

12       IT IS FURTHER ORDERED that plaintiffs prepare and submit an appropriate judgment

13   against defendants Pepco Flooring, Inc.; Regency Interiors, LLC; and Henry Petrazzulo; and Cristela

14   Petrazzulo once all related claims have been resolved.[4]

15       DATED June 19, 2013.

16

17   _____
     **UNITED STATES DISTRICT JUDGE**

18

19

20

21

22

23

24

25

26   [3] These defendants against whom the court is entering default judgment shall have another opportunity to answer or otherwise defend themselves against plaintiffs' first amended complaint. However, in order to do this, these defendants must first seek to set aside default judgment that has been entered against them pursuant to Fed. R. Civ. P. 55(c).

27

28   [4] The court acknowledges that plaintiffs seek recovery joint and several from all defendants; therefore, it will not be until all claims have been resolved as to all defendants that judgment can be properly entered.

**James C. Mahan**
**U.S. District Judge**