**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
LAURA J. WOLFF, ESQ. (6869)
7440 W Sahara Ave.
Las Vegas, NV 89021
PH: (702) 255-1718
FAX: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com, ljw@cjmlv.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>PEPCO FLOORING, INC., *et al.*,<br><br>Defendants. | CASE NO.: 2:12-cv-01050-JCM-GWF<br><br>**DEFAULT JUDGMENT AGAINST PEPCO FLOORING, INC. AND REGENCY INTERIORS, LLC**<br><br>DATE: N/A<br>TIME:  N/A |

On April 26, 2013, the Plaintiffs filed a Motion for Default Judgment against Pepco Flooring, Inc. ("Pepco"), Regency Interiors, LLC ("Regency"), Henry Petrazzulo ("H. Petrazzulo") and Cristela Petrazzulo ("C. Petrazzulo"). (Doc. No. 20.)  On June 19, 2013, this Court entered an Order on Plaintiffs' Motion for Default Judgment, finding that entry of Default Judgment was appropriate against Pepco, Regency, H. Petrazzulo and C. Petrazzulo ("Order"). (Doc. No. 25, p. 6:1-2.) Footnote 3 of the Order states that, "These defendants against whom the court is entering default judgment shall have another opportunity to answer or otherwise defend themselves against plaintiffs' first amended complaint.  However, in order to do this, these defendants must first seek to set aside default judgment that has been entered against them pursuant to Fed. R. Civ. P. 55(c)." (*Id*. fn 3.)  Neither Pepco nor Regency has sought to set aside the default judgment.

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

-1-

In its Order, the Court requested that the Plaintiffs "prepare and submit an appropriate judgment against Defendants Pepco Flooring, Inc.; Regency Interiors, LLC; and Henry Petrazzulo; and Cristela Petrazzulo once all related claims have been resolved." (*Id*. lines 10-14.) Footnote No. 4 of the Order states that, "The court acknowledges that plaintiffs seek recovery joint and several from all defendants; therefore, it will not be until all claims have been resolved as to all defendants that judgment can be properly entered."  (*Id*. fn 4.)

Plaintiffs' claims have been resolved against all Defendants except Jack Stone. Plaintiffs have filed a Motion for Summary Judgment against Jack Stone. Therefore, now is the appropriate time for the Court to liquidate the judgment against Pepco and Regency.

Plaintiffs seek contributions, unpaid wages, liquidated damages, audit fees and costs and prejudgment interest from Pepco and Regency according to the terms of  Pepco's collective bargaining agreement ("CBA") with the International Union of Painters and Allied Trades, District Council 15 and its associated Local Unions ("Union"), requiring the submission of monthly written reports to the Plaintiffs showing the identities of Pepco and Regency employees performing work covered by the CBA, and the number of hours worked by Pepco and Regency employees.  Pepco and Regency breached the terms of the CBA and Trust Agreements by failing to timely and promptly pay fringe benefit contributions for covered labor performed by its employees.

Plaintiffs also seek attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2). According to Local Rule 54–16, a party requesting attorneys' fees must file a motion demonstrating the reasonableness of the award, an itemization and description of the work performed, an itemization of all costs, and an attorney affidavit. Plaintiffs have complied with the requirements of the local rules, warranting an award of attorneys' fees.  Plaintiffs assert that

the requested attorney's fees are reasonable because Pepco and Regency refused to cooperate with Plaintiffs, causing Plaintiffs to perform substantial legal work to prosecute their claims. Plaintiffs provided the court with records that itemize and describe the work performed by the attorneys. Further, as required by the local rules, Plaintiffs filed the attorney affidavits of Wesley J. Smith, which state that he reviewed the bills in this case and that "all amounts expended are reasonable in this case." Upon reviewing the fees sought and determining their reasonableness, the Court is inclined to grant attorney's fees and costs.

Upon review of the Motion to Liquidate Default Judgment Against Pepco and Regency, the Court is inclined to award Plaintiffs' requested relief.  Thus, the Court enters Judgment in favor of the Plaintiffs and against Defendants Pepco and Regency for the sum of $107,933.64, as follows:

1.  Unpaid Contributions ............................. $100,664.76

2.  Accrued Interest ..................................... $17,457.62

3.  Liquidated Damages ................................ $18,152.81

4.  Underpaid Wages..................................... $114,189.33

5.  Audit Fees .............................................. $2,985.00

6.  Attorney's Fees ...................................... $60,686.65

7.  Costs...................................................... $ 4,304.87

8.  Minus Non-covered Residential Portion..($36,009.42)

9.  Minus Payments .....................................($174,497.98)

**TOTAL JUDGMENT AMOUNT  ............. $107,933.64**

Accordingly, Good Cause Appearing therefor:

1.     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion to Liquidate Default Judgment Entered Against Defendants Pepco Flooring, Inc. and Regency Interiors, LLC, be, and the same hereby is, GRANTED.

2.     IT IS FURTHER ORDERED that default judgment be entered against Defendants Pepco Flooring, Inc. and Regency Interiors, LLC in the amount of One Hundred and Seven Thousand Nine-Hundred Thirty-Three Dollars and 64/100 ($107,933.64) ("Judgment Amount"), representing unpaid contributions, unpaid wages, liquidated damages, prejudgment interest, audit fees and costs and attorneys' fees and costs.

3.     The Judgment Amount shall accrue interest at the rate set forth in the Trust Agreements, pursuant to 29 U.S.C. § 1132(g).

Dated and Done February 23, 2015.

IT IS SO ORDERED.

_____
U.S. DISTRICT COURT JUDGE

Submitted by:

CHRISTENSEN JAMES & MARTIN

By: _/s/ Wesley J. Smith_
Wesley J. Smith, Esq.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
_Attorneys for Plaintiffs_

-4-